***********
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS the Opinion and Award of Deputy Commissioner Berger.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. The employee-employer relationship existed between plaintiff and defendant at all relevant times.
3. The Hartford Insurance carrier was the carrier on the risk.
4. The date of the injury was January 27, 1997.
5. Plaintiff had an average weekly wage of $160.01 on January 27, 1997.
6. Plaintiff was acting within the course and scope of her employment on January 27, 1997.
7. Plaintiff sustained an injury by accident arising out of employment on January 27, 1997.
8. A Form 24 hearing was held on March 29, 2001 at which time temporary total disability was terminated by Special Deputy Commissioner Gina Cammarano.
9. The following were stipulated into evidence at the hearing before the Deputy Commissioner:
a) rehabilitation records
b) fax cover sheet
c) plaintiff's medical records
d) all Industrial Commission forms
10. Plaintiff appealed the Form 24 ruling in a timely manner.
11. The issue before the Commission is whether plaintiff has complied with vocational rehabilitation as ordered by Deputy Commissioner Lorrie Dollar on October 25, 2000.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. This claim was originally heard by Deputy Commissioner Lorrie L. Dollar in Statesville, North Carolina on October 27, 1999. Deputy Commissioner Dollar issued an Opinion and Award filed October 25, 2000 which ordered defendants to pay temporary total disability compensation to plaintiff.
2. Deputy Commissioner Dollar further ordered that plaintiff "cooperate fully with medical and vocational services as a condition to her continued receipt of indemnity benefits".
3. On February 5, 2001, defendants filed a Form 24 Application to suspend payment of compensation to plaintiff. Plaintiff filed a request for a hearing following the granting of defendants' application and an informal hearing was held on March 22, 2001. The Form 24 was approved by Special Deputy Commissioner Gina Cammarano on March 29, 2001. The Commission's order suspended benefits from February 8, 2001 until plaintiff demonstrated full compliance with vocational rehabilitation efforts.
4. This case was heard before Deputy Commissioner Mary Hoag on October 10, 2001 in Newton, North Carolina. On April 5, 2002 Chief Deputy Stephen Gheen reassigned this matter to Deputy Commissioner Douglas E. Berger upon Deputy Commissioner Hoag's death.
5. Deputy Commissioner Berger issued an Opinion and Award on August 29, 2002, which is the subject of this appeal.
6. At the time of the admittedly compensable injury, plaintiff was forty-seven years old and was left-hand dominant. She had been employed by defendant-employer for approximately ten years with defendants as a seamstress.
7. On January 27, 1997, plaintiff turned to see a coworker as she was walking out the door at the end of her shift. The door struck plaintiff in the left arm at her elbow. Plaintiff timely reported the injury and defendants accepted compensability for the claim by filing a Form 60 on May 16, 1997.
8. Defendants assigned Katherine O'Kane as plaintiff's vocational case manager. On October 4, 2000, plaintiff met with Ms. O'Kane, vocational case manager, and a prospective employer, Cracker Barrel, to discuss a hostess position that was available. This job was not suitable given the restrictions recommended by Dr. Kern Carlton.
9. On November 7, 2000, plaintiff met with Ms. O'Kane and a prospective employer, Statesville Auto Auction, to discuss a security job that was available. Plaintiff expressed concern that she was unable to see the VIN numbers on the vehicles that had to be protected from theft or damage. An ability to see the VIN numbers was an essential function of the security job that was available. The employer did not offer plaintiff the security job position.
10. Following the November 7, 2000 meeting, Ms. O'Kane prepared for Dr. Carlton a job description of the security job available at Statesville Auto Auction. Dr. Carlton did not approve the security job position until December 18, 2001.
11. Following Dr. Carlton's December 18, 2001 approval, Statesville Auto Auction reported to Ms. O'Kane that the security job was no longer available.
12. Plaintiff was not responsible for defendants' delay in obtaining Dr. Carlton's approval of the security position at Statesville Auto Auction on or about November 7, 2000.
13. The greater weight of the evidence of record shows that from December 20, 2001 to March 29, 2001, plaintiff was cooperative with the vocational case manager, Ms. O'Kane. Plaintiff did whatever Ms. O'Kane asked her to do and met with Ms. O'Kane on a regular basis.
14. Plaintiff did not intentionally sabotage vocational efforts regarding the security job available with Statesville Auto Auction.
15. The Full Commission finds by the greater weight of the credible evidence that plaintiff has complied with vocational rehabilitation as ordered by Deputy Commissioner Dollar on October 25, 2000.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff has complied with the vocational services provided by defendants. Plaintiff has not constructively refused to accept suitable employment available to her that she could have obtained with due diligence. N.C. Gen. Stat. §§ 97-25; 97-32.
2. In that plaintiff has not refused to comply with vocational rehabilitation, the Form 24 application was improvidently granted and defendants are not entitled to suspend payment of compensation. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. Special Deputy Commissioner Gina Cammarano's March 29, 2001 Order allowing defendants to suspend temporary total disability compensation effective February 8, 2001 is HEREBY VACATED.
2. Defendants shall reinstate total disability compensation to plaintiff in the amount of $160.01 per week beginning February 8, 2001 to the present and continuing until further order of the Industrial Commission and subject to the attorney's fee approved below. The portion of this amount that has accrued shall be paid in a lump sum subject to the attorney's fee approved below.
3. Twenty-five percent of the lump sum amount awarded is paragraph 2 is approved as an attorney's fee for plaintiff's counsel. Thereafter, every fourth check shall be sent directly to plaintiff's counsel.
4. Plaintiff shall continue to cooperate with reasonable rehabilitation efforts provided by defendants.
5. Defendants shall pay an expert witness fee in the amount of $160.00 to Dr. Carlton.
6. Defendants shall pay the costs.
This the ___ day of April 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/________________ BERNADINE BALLANCE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
LKM/kjd